# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LINDA MARIE SCHNELL, | : | |
| Plaintiff, | : | Case No. 3:09cv00369 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | :<br><br>: | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

On September 25, 2009, Plaintiff filed a *pro se* Complaint in this Court seeking judicial review from a final decision issued by the Commissioner of the Social Security Administration. The Commissioner filed an Answer on November 23, 2009 and a copy of the administrative transcript on November 24, 2009. Plaintiff has taken no action in this case since filing her Complaint. She has not filed a Statement of Errors in response to the Commissioner's Answer as required by the Magistrate Judges' Third Amended General Order No. 11. Consequently, the Court Ordered Plaintiff to Show Cause – not later than February 26, 2010 – why her Complaint should not be dismissed due to her failure to prosecute and due to her failure to file a Statement of Errors as required by the Magistrate Judges' Third Amended General Order No. 11. (Doc. #8). The Court also provided Plaintiff with an alternative opportunity to file a Statement of Errors by February 26, 2010. *Id.* Plaintiff has not responded to the Court's Order to Show

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Cause.

The Court finds that Plaintiff has engaged in a clear pattern of delay by not filing a Statement of Errors and by not responding to the Order to Show Cause. The main effect of Plaintiff's failure to comply with the Court's Order to Show cause is that the record is void of an explanation by Plaintiff for her failure to file a Statement of Errors. Absent such an explanation, and in light of the above circumstances, Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b); and

2. The case be terminated on the docket of this Court.


March 1, 2010

    s/Sharon L. Ovington
    Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).